**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GILBERT OSUNA,<br><br>  Plaintiff,<br><br>v.<br><br>E. MANZANALEZ, et al.,<br><br>  Defendants. | Case No.: 1:18-cv-00719-LJO-SAB (PC)<br><br>SCREENING ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT, OR NOTIFY THE COURT OF INTENT TO PROCEED ON COGNIZABLE CLAIM<br><br>(ECF No. 1) |

**I.**

**INTRODUCTION**

Plaintiff Gilbert Osuna is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action by filing a complaint on August 24, 2017, in the United States District Court for the Central District of California. (ECF No. 1.) On April 30, 2018, that court issued an order to show cause why this matter should not be transferred on the basis that Plaintiff complained of events that occurred at the state prison in Corcoran, California. (ECF No. 8.) On May 10, 2018, Plaintiff filed responses. (ECF Nos. 9, 12.)

On May 11, 2018, the Central District court reviewed Plaintiff's submissions and found that his complaint was confusingly-presented, but with his clarification, it determined that he complained

1

about conduct by correctional officers at North Kern State Prison ("NKSP"). (ECF Nos. 10, 11.) That court determined that Plaintiff's action should be transferred to the Eastern District of California. (Id.)

On May 14, 2018, Plaintiff filed a motion to deny the transfer, objecting to the transfer of this action to the Eastern District of California. (ECF No. 13.) On May 22, 2018, the Central District court directed the transfer of this action to this Court, over Plaintiff's objection. (ECF No. 15.)

On May 25, 2018, this matter was transferred to this Court. (ECF No. 16.) The Clerk of the Court then directed the California Department of Corrections and Rehabilitation to submit a certified prison trust account statement so that the Court could evaluate Plaintiff's then-pending application to proceed in forma pauperis. (ECF No. 17.) That certified statement was filed on May 29, 2018. (ECF No. 19.) The Court then granted Plaintiff's application on June 1, 2018. (ECF No. 20.)

Plaintiff then filed a series of motions in this matter, on June 25, 2018, (ECF No. 23), and on August 6, 2018, (ECF No. 25), seeking to advise the Court of potential issues with a fraudulent notice of dismissal, and some confusion as to the status of his case. Those motions were ruled upon on June 25, 2018, (ECF No. 24), and August 9, 2018, (ECF No. 26), respectively, in which the Court informed Plaintiff that it had received no notice of dismissal, and advised him of the status of this matter.

Currently before the Court for screening is Plaintiff's complaint.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Notwithstanding any filing fee, the district court must perform a preliminary screening and must dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim).

## III.

## SUMMARY OF ALLEGATIONS

Plaintiff names as defendants the following officers at NKSP, on Facility D: (1) FDB5 Floor #2 Correctional Officer E. Manzanalez; (2) Yard Officer #2 C. Mesa; (3) Security Patrol # 4 Officer P. Ibarra; (4) Control Booth Officer E. Mendez; (5) Captain Chapman; (6) Correctional Officer J. Martinez. All defendants are sued in their individual and official capacities.

3

Plaintiff asserts claims of excessive force and the failure to protect. Plaintiff alleges that he was in Ad-Seg requesting protective custody, refusing to go, until Defendant Martinez on May 1, 2017 took orders from Captain Chapman to use force and take Plaintiff to Building #5 on Facility D, where Plaintiff's life was in danger. The Correctional Officers forced Plaintiff into a Cell in D/5.

Then, on May 2, 2017, Plaintiff was attacked by two inmates at breakfast time, his life is in danger by a prison gang. Plaintiff ran towards correctional officers for safety and help, because they did not hit the alarm. Once he made it to the podium, they gave him instructions to get down. As Plaintiff was following orders, Defendant Manzanalez started to beat Plaintiff with his baton, hitting him repeatedly on his head, back, ribs, and right leg. Then Defendants Mesa and Ibarra started using force on Plaintiff while he was already down on the floor. The minute Defendant Manzanalez told Plaintiff to get down, he did not hit his alarm until the Defendants saw Plaintiff's blood spilling on the floor from his head. Plaintiff suffered nine staples on his head, broken ribs, his right back side shoulder opened up, and his right leg almost got broken off. Plaintiff also suffers from post traumatic stress disorder.

Plaintiff's request for relief seeks monetary damages. An additional sheet of paper is attached which states that Plaintiff seeks the appointment of counsel and a court order for protective custody.

## IV.

## DISCUSSION

### A. Official Capacity

An official capacity suit is equivalent to a suit against the state itself, alleging that the agency's policy or custom played a part in the violation of federal law. Hafer v. Melo, 502 U.S. 21, 25 (1991). "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

Personal capacity suits seek to impose individual liability on the government official for actions taken under the color of state law. Hafer, 502 U.S. at 25. To state an individual capacity

4

claim, the plaintiff must show that the actions of the defendant caused the deprivation of a federal rights. Id.

Here, Plaintiff seeks to sue individual defendant officers for monetary damages based on allegations that their conduct violated his federal rights. His claim against the defendants in their official capacities should be dismissed as barred by the Eleventh Amendment.

### B. Excessive Force

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7; see also id. at 9–10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

Liberally construed, the Court finds that Plaintiff has stated a cognizable claim for excessive force against Defendants Manzanalez, Mesa, and Ibarra, based on his allegations that they used force on him on May 2, 2017 while he sought protection from an inmate attack, and was complying with orders.

### C. Failure to Protect

The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). An inmate's Eighth Amendment rights are violated by a prison official if that official

5

exposes an inmate to a "substantial risk of serious harm," while displaying "deliberate indifference" to that risk. Farmer, 511 U.S. at 834.

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id., at 847.

Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Here, Plaintiff asserts that he sought protective custody, but Captain Chapman ordered Defendant Martinez to take him to Building #5, Facility D, where he was in danger. However, Plaintiff does not state facts showing how these officers knew of a danger to Plaintiff's safety, and how they were deliberately indifferent to his safety. His allegations that he was in danger are too conclusory for the Court to infer that these defendants were deliberately indifferent to his safety. Plaintiff has therefore not stated sufficient facts for a cognizable claim based on a failure to protect.

### D. Linkage Under Section 1983

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S.

386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff fails to state any factual allegations about Control Booth Officer E. Mendez. Plaintiff must link each of the named Defendants to an affirmative act or omission giving rise to the alleged constitutional violations.

### E. Injunctive Relief

Plaintiff is currently housed at California Men's Colony, East in San Luis Obispo, California. Plaintiff sues defendants at NKSP, where he is no longer housed, and seeks a protective order. Prisoners who have been released from prison or transferred to a different prison may not sue for injunctive relief, because they would no longer benefit from having the injunction issued. See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) (citing Preiser v. Newkirk, 422 U.S. 395, 402–03, 95 S. Ct. 2330, 45 L. Ed. 2d 272 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1 991); and Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986)).

Therefore, Plaintiff's claim for injunctive relief is moot, and should be dismissed.

### F. Request for Appointment of Counsel

Plaintiff states that he seeks appointed counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint. In addition, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Therefore, in the present case, the Court does not find the required exceptional circumstances.

For the foregoing reasons, Plaintiff's request for the appointment of counsel is denied, without prejudice.

**V.**

**CONCLUSION**

For the reasons discussed above, the Court finds that Plaintiff has stated a cognizable claim for excessive force against Defendants Manzanalez, Mesa, and Ibarra, based on his allegations that they used force on him on May 2, 2017 while he sought protection from an inmate attack, and was complying with orders. The Court has also identified deficiencies in the complaint, also as explained above.

The Court will grant Plaintiff an opportunity to cure the identified deficiencies which Plaintiff believes in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claim identified by the Court, he may file a notice informing the Court that he does

8

not intend to amend and he is willing to proceed only on his cognizable claim. The Court will then recommend to the District Judge that this case only proceed on the claim set forth above, for the reasons explained in this order.

If Plaintiff chooses to file an amended complaint, that complaint should be brief, Fed. R. Civ. P. 8(a), but it must also state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-89, 129 S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations admitted). Plaintiff's amended complaint will also be limited to twenty-five (25) pages.

Plaintiff is also reminded that an amended complaint supersedes all prior complaints. Lacey, 693 F.3d at 927. Absent prior court approval, the amended pleading must be complete in itself without reference to any prior pleading. Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file either an amended complaint, or a notice of his intent to proceed upon the cognizable claim identified in this order; and

3. <u>Plaintiff is warned that if he fails to comply with this order, the Court will recommend to the District Judge that this action be dismissed for the failure to prosecute and the failure to comply with a court order</u>.

IT IS SO ORDERED.

Dated:   **October 4, 2018**

_____
UNITED STATES MAGISTRATE JUDGE