**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GILBERT OSUNA,<br><br>    Plaintiff,<br><br>v.<br><br>E. MANZANALEZ, et al.,<br><br>    Defendants. | Case No.: 1:18-cv-00719-LJO-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR THE FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES<br><br>(ECF No. 28) |

**I.**

**INTRODUCTION**

Plaintiff Gilbert Osuna is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action by filing a complaint on August 24, 2017, in the United States District Court for the Central District of California. (ECF No. 1.) Following several rulings on various issues, on May 25, 2018, this matter was transferred to this Court. (ECF No. 16.) The Clerk of the Court then directed the California Department of Corrections and Rehabilitation to submit a certified prison trust account statement so that the Court could evaluate Plaintiff's then-pending application to proceed in forma pauperis. (ECF No. 17.) That certified statement was filed on May 29, 2018. (ECF No. 19.) The Court then granted Plaintiff's application on June 1, 2018. (ECF No. 20.)

1  Plaintiff then filed a series of motions in this matter, on June 25, 2018, (ECF No. 23), and on August 6, 2018, (ECF No. 25), seeking to advise the Court of potential issues with a fraudulent notice of dismissal, and some confusion as to the status of his case. Those motions were ruled upon on June 25, 2018, (ECF No. 24), and August 9, 2018, (ECF No. 26), respectively, in which the Court informed Plaintiff that it had received no notice of dismissal, and advised him of the status of this matter.

On October 4, 2018, the Court screened Plaintiff's complaint and found that he had stated a cognizable claim for excessive force against Defendants Manzanalez, Mesa, and Ibarra, and that the complaint contained certain deficiencies. (ECF No. 27.) The Court ordered Plaintiff to either file an amended complaint, or notify the Court of his intent to proceed upon the cognizable claim identified by the Court. (Id. at 9.)

Currently before the Court is Plaintiff's first amended complaint, filed on October 17, 2018. (Doc. No. 28.)

**II.**

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff's original complaint attached some documents showing that he filed a staff complaint through the prison administrative grievance process, and he alleged that the complaint concerned his allegations in this action and the injuries suffered. (Compl., ECF No. 1, at 7-13.) Those attachments include a staff complaint, some screening and rejection letters, and an appeal assignment notice stating that Plaintiff's appeal was sent for a second level response. (Id.) The documents show that Plaintiff eventually received a second level response regarding the staff complaint, sometime in May or June 2017, stating that the complaint was partially granted in that an appeal inquiry into his allegation was conducted. (See id. at 9-10.) The documents discuss that Plaintiff may appeal to the Third Level, and that once a Third Level decision is rendered, his administrative remedies would be considered exhausted. (Id.)

In the first amended complaint, Plaintiff has made additional allegations regarding the exhaustion of available administrative remedies. (First Am. Compl., ECF No. 28, at 2.) He states that he tried to complete the appeal process, and made it to the Second Level, but kept getting rejected. He further states that his appeals information was sent to the United States District Court for the Central

2

District of California. It appears that Plaintiff refers to the documents which were attached to his original complaint.

Pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

In rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim. See, e.g., Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014); Medina v. Sacramento Cty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); Lucas v. Dir. of Dep't. of Corrs., No. 2:14-cv-0590-DAD P, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on Albino and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

Here, based on Plaintiff's allegations and exhibits attached to his pleadings, it appears that he has not fully exhausted available administrative remedies prior to suing. His allegations suggest that he ceased litigating his appeal at the Second Level, and did not file an appeal to the highest level or receive a decision at that level prior to filing suit. Thus, it appears Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with the PLRA, section 1997e(a).

///

///

///

## III.
## CONCLUSION

Accordingly, it is HEREBY ORDERED that

1. Plaintiff must show cause in writing within **thirty (30) days** from the date of service of this order why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit; and

2. <u>The failure to comply with this order or to show good cause will result in dismissal of this action</u>.

IT IS SO ORDERED.

Dated: **October 18, 2018**

_____
UNITED STATES MAGISTRATE JUDGE