# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT OSUNA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>E. MANZANALEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-00719-LJO-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR COPIES OF PLEADINGS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL, WITHOUT PREJUDICE, FOR THE FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF Nos. 1, 28, 29, 30) |

## I.

## INTRODUCTION

Plaintiff Gilbert Osuna is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 4, 2018, the Court screened Plaintiff's complaint and found that he had stated a cognizable claim for excessive force against Defendants Manzanalez, Mesa, and Ibarra, and that the complaint contained certain deficiencies. (ECF No. 27.) The Court ordered Plaintiff to either file an amended complaint, or notify the Court of his intent to proceed upon the cognizable claim identified by the Court, within thirty days. (Id. at 9.)

On October 17, 2018, Plaintiff filed a first amended complaint. (Doc. No. 28.) Based on the allegations in the first amended complaint, the Court issued an order to show cause why this action should not be dismissed, without prejudice, for the failure to exhaust available administrative

1

remedies. (Doc. No. 29.) Plaintiff was permitted thirty days to file a show cause response in writing. (*Id*. at 4.)

Currently before the Court is Plaintiff's response to the order to show cause, filed on October 31, 2018. (Doc. No. 30.)

**II.**

**SUMMARY OF PLEADINGS**

The Court accepts Plaintiff's allegations in the complaint and first amended complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

In his original complaint, Plaintiff asserted claims of excessive force and the failure to protect. Plaintiff alleged that he was in Ad-Seg requesting protective custody, refusing to go, until Defendant Martinez on May 1, 2017 took orders from Captain Chapman to use force and take Plaintiff to Building #5 on Facility D, where Plaintiff's life was in danger. The Correctional Officers forced Plaintiff into a cell in D/5. (Compl., ECF No. 1.)

Then, on May 2, 2017, Plaintiff was attacked by two inmates at breakfast time, his life in danger by a prison gang. Plaintiff ran towards correctional officers for safety and help, because they did not hit the alarm. Once he made it to the podium, they gave him instructions to get down. As Plaintiff was following orders, Defendant Manzanalez started to beat Plaintiff with his baton, hitting him repeatedly on his head, back, ribs, and right leg. Then Defendants Mesa and Ibarra started using force on Plaintiff while he was already down on the floor. Defendant Manzanalez told Plaintiff to get down and did not hit his alarm until the defendants saw Plaintiff's blood spilling on the floor from his head. Plaintiff suffered nine staples on his head, broken ribs, his right back side shoulder opened up, and his right leg almost got broken off. Plaintiff also suffers from post-traumatic stress disorder.

The allegations of Plaintiff's first amended complaint are largely the same as in his original complaint, although he adds that Defendant E. Mendez also violated his rights. (First Am. Compl., ECF No. 28.) Plaintiff he does not state any factual allegations regarding Defendant Mendez's involvement in acts or omissions that violated his constitutional rights. Plaintiff only states in a conclusory fashion that all defendants acted maliciously and violated his rights.

///

Regarding the exhaustion of available administrative remedies, Plaintiff checked boxes in his original complaint indicating that a grievance procedure was available at his institution, that he filed a grievance regarding the facts alleged in this action, and that the procedure was completed. (Compl. 2.) Several documents were also attached regarding exhaustion of his administrative remedies. (*Id*. at 7-13.)

In the amended complaint, Plaintiff checked boxes stating that there is not an administrative remedy process available at his institution. (First Am. Compl. 2) Nevertheless, he also checked boxes indicating that he filed an appeal for all the facts alleged in his amended complaint, and indicating that the process is completed. (*Id*.) Plaintiff also wrote as follows:

> I tried to complete the appeal process [and] I made it to second level. I kept getting rejected denied but I at lease tried to, get it done. All appeals are & was sent to Central U.S. District and I hope they transfer it to the Eastern District.

(*Id*.)

## III.

## DISCUSSION

### A. Exhaustion of Administrative Remedies

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002). Although the "failure to exhaust is an affirmative defense under the PLRA," a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears on its face. Jones v. Bock, 549 U.S. at 202, 215; see also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where a prisoner's failure to exhaust is clear from the fact of the complaint, his

complaint is subject to dismissal for failure to state a claim, even at the screening stage); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), overruled on other grounds by Albino, 747 F.3d at 1166.

In California, a prison inmate satisfies the administrative exhaustion requirement by following the procedures set forth in Sections 3084.1 through 3084.8 of Title 15 of the CCR. An inmate "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the prisoner to proceed through all three levels of review. See Cal. Code Regs. tit. 15, § 3084.2(a). A decision at the third level of review, known as the director's level of review, is not appealable and constitutes the final level of administrative review. Id.

**B.     Analysis**

As noted above, Plaintiff's original complaint attached some documents related to exhaustion. These documents included an inmate appeal assignment notice, dated May 5, 2017, send by the Appeals Coordinator at North Kern State Prison. (Compl. 8.) The form states that Plaintiff's Appeal No. NKSP-D-17-01836 regarding staff misconduct was received and sent for a second level response. The form also discusses that if Plaintiff is dissatisfied, he may forward his appeal for third level review. (*Id.*)

Plaintiff also attached a CDCR 602 form by Plaintiff discussing that he was interviewed about an excessive force incident, and that he forgot to state that his ribs were fractured when he was beaten. (Compl. 12.) The document indicates that it was accepted at the second level and added to his other documents on May 12, 2017. (Id. at 13.) Plaintiff also attaches a letter confirming that this additional information was added to Plaintiff's appeal and was sent to the appeals office. (Id. at 11.)

Next, Plaintiff attached a memorandum setting forth the second level response to his appeal, dated May 14, 2017. (Id. at 9.) It states that Plaintiff appealed the use of excessive force on him by Facility "D" custody staff on May 2, 2017 following an inmate altercation, which was reviewed and referred for an investigation. (Id.) Following the investigation, it was found that staff did not violate CDCR policy. (Id.) Plaintiff was notified that he may appeal the decision to the third level, and that a

4

third level decision would exhaust his administrative appeal process. (Id.) The appeal is signed by an interviewer and the hiring authority. (Id.)

Finally, Plaintiff attached a July 12, 2017 letter stating that Plaintiff's third level appeal was rejected as incomplete. (Id. at 7.) The letter discusses that his appeal was missing documents, and was not signed or dated, and a list of the missing documents is provided. (Id.) Plaintiff wrote a handwritten note on this letter stating that he complied. (Id.)

As noted above, Plaintiff's first amended complaint states that he only completed the second level of the appeals process and then kept getting rejected. (First Am. Compl. 2.) Plaintiff's response to the order to show cause also states that Plaintiff only made it to the third level of review, but then his appeals kept getting rejected. (ECF No. 30, at 1.) He further states that he attempted to reach out for help from the Prison Law Office, and received information which he attaches. (Id.) He does not state that he received any third level response, but states that he only understood he was to file or at least attempt to file a CDCR administrative appeal. (Id.)

The PLRA requires "proper exhaustion" of all available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Whether an inmate's grievance satisfies the PLRA's exhaustion requirement is determined by the prison's own grievance process. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). The filing of an untimely or otherwise procedurally defective administrative grievance or appeal is not proper exhaustion. See Woodford, 548 U.S. at 83-84.

Based on the foregoing, Plaintiff's failure to exhaust his available administrative remedies prior to filing suit is clear from the face of the amended complaint. Plaintiff has shown that he received a second level response on a grievance related to the alleged facts in this case. However, he has pleaded in the first amended complaint, and now confirmed, that he did not receive a decision at the third level because his third level appeal was repeatedly rejected for lack of meeting the procedural requirements. Therefore, this action must be dismissed, without prejudice. Jones, 549 U.S. at 211; McKinney, 311 F.3d at 1199-1201; see also City of Oakland, Cal. v. Hotels.com LP, 572 F.3d 958,

962 (9th Cir. 2009) ("[F]ailure to exhaust the administrative remedies is properly treated as a curable defect and should generally result in a dismissal without prejudice."); Albino, 747 F.3d at 1170 ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim"); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (prisoners may not pursue non-exhausted claims) (citing McKinney, 311 F.3d at 1199).

Although the Court would typically grant Plaintiff leave to amend due to his *pro se* status, amendment is futile in this instance because the failure to exhaust cannot be cured by the allegation of additional facts. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

Plaintiff also states that he does not have a copy of his amended complaint or any of his appeal documentation, which prevents him from fully responding to the Court's orders. He states that he requested copies from his institution, but none were available. In an abundance of caution, the Court will make a one-time exception, and order the Clerk of the Court to provide copies of Plaintiff's pleadings to Plaintiff so that he may prepare any objection to these findings and recommendations without delay.

## IV.
## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall send to Plaintiff one copy of the complaint, filed on August 24, 2017, with attachments (ECF No. 1) and one copy of the first amended complaint, filed on October 17, 2018 (ECF No. 28).

Further, for the reasons explained above, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, for the failure to exhaust available administrative remedies.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 7, 2018**

_____
UNITED STATES MAGISTRATE JUDGE